IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent/Plaintiff, | ) | |
| vs. | ) | No. 3:96-CR-0224-P (03) |
| | ) | No. 3:05-CV-1158-P |
| SAMUEL TRAVIS CHESHIRE, | ) | ECF |
| ID # 06114-078, | ) | |
| Defendant/Movant. | ) | |

## MEMORANDUM OPINION AND ORDER

On May 31, 2005,[1] movant, a prisoner currently incarcerated in the federal prison system, filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.[2] The respondent is the United States of America (government).

### I. BACKGROUND

On March 27, 1998, the Court entered judgment and sentenced movant to 293 months imprisonment after a jury found him guilty of conspiracy to distribute methamphetamine. After a successful motion to vacate filed pursuant to 28 U.S.C. § 2255, the Court entered an amended judgment and sentenced movant to 180 months imprisonment on February 27, 2002. Movant did not appeal the amended judgment.

---

[1] Under the prison mailbox rule, a motion to vacate is deemed filed when the prisoner delivers the motion to prison authorities for mailing to the court. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). The record does not reflect when movant tendered his motion to the prison authorities for mailing, but it was "filed" sometime between the date he signed it on May 31, 2005, and the date that this Court received it on June 6, 2005. Giving movant the benefit of the doubt, the Court uses the earlier of these dates as the date of filing.

[2] Movant also contends that the Court has jurisdiction pursuant to writs of error coram nobis and audita querela, "[i]f the Court does not find jurisdiction pursuant to Title 28 U.S.C. §2255." (*See* Mem. Supp. at 17.) Because the Court finds that it has jurisdiction under § 2255, it considers that to be the applicable jurisdictional basis for this action. Furthermore, as noted *infra*, neither invoked writ provides a basis for jurisdiction.

On May 31, 2005, movant filed the instant motion to vacate to challenge his 180-month sentence. Movant asserts that, under *United States v. Booker*, 543 U.S. 220 (2005), the Court improperly sentenced him. The Court has not ordered the government to respond to the motion.

## II. JURISDICTION

Movant asserts that this Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 2255. Alternatively, he argues that the Court has jurisdiction pursuant to the writs of error coram nobis and audita querela. For the reasons that follow, § 2255 provides the proper jurisdictional basis for this action.

### A. <u>Section 2255</u>

A motion under § 2255 "provides the primary means of collaterally attacking a federal conviction and sentence. Relief under this section is warranted for errors that occurred at trial or sentencing." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Movant asserts a claim based upon *Booker* that occurred at sentencing. Although this Court has no jurisdiction over a second or successive motion to vacate, *see Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999) (per curiam), this Court does not find the instant motion to be second or successive. Movant clearly challenges his 180-month sentence. That sentence was imposed when the Court modified the original judgment and entered its amended judgment in February 2002. The instant motion is petitioner's first attempt to vacate the amended judgment. Although he could have raised his claimed sentencing error in his prior motion to vacate as a challenge to his original sentence, albeit not precisely based upon *Booker*, he certainly could not have challenged the amended judgment entered in response to his successful original motion to vacate. The Court has jurisdiction over this non-successive action

pursuant to § 2255 because movant collaterally challenges his federal sentence based upon alleged error that occurred at sentencing.[3]

Although this jurisdictional finding removes any need to consider movant's alternate theories of jurisdiction, *i.e.*, writs of error coram nobis and audita querela, it appears prudent to briefly address such theories.

**B. <u>Coram Nobis</u>**

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a),[4] an individual may file a petition for writ of error coram nobis in the court in which he was convicted. *See United States v. Morgan*, 346 U.S. 502, 504 (1954); *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998). The writ "is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate his criminal conviction." *United States v. Hatten,* 167 F.3d 884, 887 n.6 (5th Cir. 1999).

Because movant remains in custody on the sentence imposed in this federal criminal action, Cause No. 3:96-CR-224-P, this Court lacks jurisdiction to consider a writ of error coram nobis as a challenge to his federal sentence. *See United States v. Esogbue*, 357 F.3d 532, 534-35 (5th Cir. 2004) (recognizing that custody status is a factor in whether the court has jurisdiction over a writ of error coram nobis); *United States v. Solomon*, Nos. 3:98-CR-299-X, 3:01-CV-2583-X, 2001 WL 1609344, at *2 (N.D. Tex. Dec. 11, 2001) (accepting recommendation to dismiss writ of error coram nobis for lack of jurisdiction because petitioner was still in custody). When a petitioner is in custody on

---

[3] Although the Court could perhaps construe the instant motion as a challenge to the original judgment entered in this case, such construction appears incongruous with the motion read as a whole. The Court, furthermore, lacks jurisdiction to consider the instant motion to vacate to the extent movant intends to challenge his original judgment because the motion would be successive to his original motion to vacate. The Court will not construe the motion in a manner so as to deprive it of jurisdiction when a reasonable alternative not only exists but appears to be the clear intent of movant.

[4] Section 1651(a) provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

3

the challenged conviction, the writ of coram nobis is "not available to him." *Hatten,* 167 F.3d at 887 n.6. "Where a petitioner is still in federal custody, relief from a prior invalid conviction must be sought by means of [28 U.S.C.] § 2255; for coram nobis survives only to the extent that it has not been replaced by statute and, therefore, is open to a prisoner only when his statutory remedies are unavailable or inadequate." *Correa-Negron v. United States,* 473 F.2d 684, 685 (5th Cir. 1973).

### C. Audita Querela

"The writ of audita querela permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment." *United States v. Banda,* 1 F.3d 354, 356 (5th Cir. 1993). As noted in *Banda,* "[i]t is an open question whether the obsolescent writ survives as a post-conviction remedy." *Id.* Nevertheless, it is settled in the Fifth Circuit that "the writ is not available where, as here, the defendant may seek redress under § 2255." *See id.*; *United States v. Elrod,* Nos. 3:93-CR-0377-G(01), 3:01-CV-1046-G, 2002 WL 1331881, at *1 n.2 (N.D. Tex. June 14, 2002) (accepting finding of Magistrate Judge Kaplan that "relief by way of audita querela . . . is no longer available under the federal rules"). Furthermore, movants may not use a writ of audita querela to circumvent the procedural and legal requirements set forth in 28 U.S.C. § 2255. *See United States v. Tavarez,* 79 Fed. App'x 79, 80 (5th Cir. 2003) (per curiam); *United States v. Valdez-Pacheco,* 237 F.3d 1077, 1080 (9th Cir. 2001). In *Valdez-Pacheco,* the Ninth Circuit stated:

> Moreover, we reject Valdez's contention that audita querela is available in his case due to the fact that he is precluded from raising his claims in a § 2255 motion by those provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, tit. I, § 105, 110 Stat. 1214, 1220 (AEDPA) (codified in relevant part at 28 U.S.C. §§ 2255 and 2244), that limit the rights of a prisoner to file a second or successive motion. A prisoner may not circumvent valid congressional limitations

on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs.

237 F.3d at 1080 (footnote omitted).

For all of these reasons, the writ of audita querela provides movant with no basis for relief. Consequently, the Court considers this action as arising solely from 28 U.S.C. § 2255. As such the Court must consider whether the instant action is timely filed pursuant to that statute.

### III. STATUTE OF LIMITATIONS

Paragraph 6 of "28 U.S.C. § 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). That paragraph provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Although "[i]n most cases, the operative date from which the limitation period is measured will be the one identified in ¶ 6(1) . . . later filings are permitted where subparagraphs (2)-(4) apply." *Dodd*, 545 U.S. at 357.

Because movant's motion is predicated on the Supreme Court's holding in *Booker*, the Court construes movant's claim as inviting consideration under ¶ 6(3). However, the requirements of ¶ 6(3) have not been satisfied so as to commence the limitations period from the date the Supreme Court decided *Booker*. The commencement date provided for in ¶ 6(3) "does not apply at all if the conditions in the second clause – the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review' – have not been satisfied." *Id.* at 358. In this instance, neither the Supreme Court nor the Fifth Circuit has made *Booker* retroactively applicable to cases on collateral review. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005). In the absence of a pronouncement by the Supreme Court or the Fifth Circuit that *Booker* applies retroactively to cases on collateral review, ¶ 6(3) does not apply to delay the commencement of the limitations period in this case. It is therefore premature to rely on ¶ 6(3) to calculate the limitations period from the date the Supreme Court decided *Booker*.

With respect to the other subsections of ¶ 6, movant has alleged no government-created impediment under ¶ 6(2) that prevented him from filing his federal petition. Thus, for purposes of this action, the statute of limitations runs from the date movant's conviction became final pursuant to ¶ 6(1), or from the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims pursuant to ¶ 6(4).

With regard to ¶ 6(1), movant's conviction became final in early March 2002, when the ten days for filing an appeal from the amended judgment elapsed. *See* Fed. R. App. P. 4(b)(1)(A)(i). With regard to ¶ 6(4), although *Booker* was not decided until January 2005, movant would have known the facts to support the alleged sentencing error at the time of sentencing.

6

Because ¶¶ 6(2) and (3) are inapplicable and ¶ 6(4) provides an earlier commencement date than ¶ 6(1), the period of limitations commenced in early March 2002, when movant's conviction became final. However, he did not file the instant motion to vacate until May 31, 2005 – more than two years after the limitations period expired in March 2003. Thus, under ¶ 6(1), the instant motion to vacate is untimely in the absence of equitable tolling.

While the Fifth Circuit Court of Appeals has held that "the statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances,'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000), movant has provided no basis for equitably tolling the statutory period of limitations. Consequently, equitable tolling does not save the instant motion to vacate.

## IV. MERITS DETERMINATION

Although the instant motion to vacate appears untimely based upon the information before the Court, *Day v. McDonough*, 126 S. Ct. 1675 (2006) provides that, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions" prior to *sua sponte* dismissal of the action on limitations grounds. S*ee* 126 S. Ct. at 1684. On the other hand, the Rules Governing Section 2255 Proceedings for the United States District Courts (hereinafter Section 2255 Rules) specifically provides for a *sua sponte* dismissal of a § 2255 motion on its merits, followed by notice. *See* Rule 4 of Section 2255 Rules. The Court thus proceeds to the merits of movant's claim.

In this instance, movant merely raises a claim under *Booker*. However, claims based upon *Booker* are not cognizable on collateral review. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005) (holding that *Booker* and *Blakely* are "not retroactively applicable to cases on collateral review"). Because claims based upon *Booker* are not cognizable on collateral review, it is clear that

movant is entitled to no relief on the claim raised in the instant action. Consequently, this action is subject to summary dismissal.

## V. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## VI. CONCLUSION

For the foregoing reasons, the Court summarily **DISMISSES** movant's Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255.

**SO ORDERED.**

**SIGNED** this 30th day of January, 2007.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE